Gerard F. Smith, Esq. (GS-1657)
PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 201
Denville, New Jersey  07834
(973) 586-6700

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF NEW JERSEY

————————————————————X
HARTFORD FIRE INSURANCE CO. a/s/o    :     **Civil Action No.**
Kiss Nail Products, Inc. and Ivy Enterprises, Inc.,

                       :

          Plaintiff,

v.                                         **COMPLAINT**

                       :

QITIA ENTERPRISES, INC., GNC LOGISTICS,
INC., DAVID D. CHUNG, Individually and
XYZ Corp.

                       :

          Defendants.
————————————————————X

The plaintiff, HARTFORD FIRE INSURANCE CO. a/s/o KISS NAIL PRODUCTS,

INC. and IVY ENTERPRISES, INC., complaining of the above-named defendants, alleges upon

information and belief:

## PARTIES

1.      At and during all times hereinafter mentioned, plaintiff, HARTFORD, was and is

a domestic insurance company authorized to conduct business of insurance within the State of

New Jersey.

2.      At and during all times hereinafter mentioned, HARTFORD'S insured/subrogor,

KISS NAIL PRODUCTS, INC. (hereinafter "KISS") is a manufacturer and distributor of

professional quality nail products and cosmetics, with its principal place of business at 57 Seaview Boulevard, Port Washington, New York 11050.

3. At and during all times hereinafter mentioned, HARTFORD'S insured/subrogor, IVY ENTERPRISES, INC. (hereinafter "IVY"), is a subsidiary of Kiss Nail Products, Inc., with its principal place of business at 3 Seaview Boulevard, Port Washington, New York 11050.

4. Upon information and belief, and at all times hereinafter mentioned, QITAI ENTERPRISES, INC. ("QITAI") has an office and place of business at 110 B East Edsall Avenue, Palisades Park, New Jersey 07650, and is a motor carrier authorized, under MC No. 697987 of the Federal Motor Carrier Safety Administration, to transport property in interstate commerce throughout the 48 contiguous States.

5. Upon information and belief, and at all times hereinafter mentioned, GNC LOGISTICS, INC.. ("GNC") has an office and place of business at 147-19 Springfield Lane, Jamaica, New York, and is a customs broker who arranged for plaintiff's goods to be transported by defendant, QITAI.

6. Upon information and belief, and at all times hereinafter mentioned, DAVID D. CHUNG, Individually, was the driver and the owner of the tractor trailer at the time of the theft, with a residence address of 653 Clark Avenue, Apt. 2, Ridgefield, New Jersey 07657.

7. Upon information and belief, at and during all times hereinafter mentioned, XYZ Corp. in this instance, was a warehouse or secured yard, or ocean carrier, surface carrier, NVOCC, freight forwarder, who otherwise handled, carried or transported the goods, which are the subject of this lawsuit.

## JURISDICTION

8.      This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1337, as this action involves the liability of a motor carrier under 49 U.S.C. § 14706 (the "Carmack Amendment") and the amount in controversy exceeds $10,000, exclusive of interest and costs.

## COUNT ONE
## (BREACH OF CONTRACT)

9.      On or about **December 29, 2015,** defendant were to transport 16 packages of nail polish product on behalf of the plaintiff's insureds, from Elizabeth, New Jersey to Port Washington, New York.

10.      On or about **December 29, 2015**, a number of plaintiff's shipments being transported by the defendants, sustained loss to the cargo while in transit, or otherwise.

11.      Upon information and belief, the trucking company, Qitia Enterprises, Inc. was hired by GNC Logistics, Inc. to transport the shipment from Elizabeth, New Jersey to Port Washington, New York.

12.      Upon information and belief, on or about **December 29, 2015**, the tractor containing plaintiff's shipment of nail product, while in the possession of the defendant, Qitia Enterprises, was stolen from a parking lot/warehouse location, located in Ridgefield Park, New Jersey, while parked at the warehouse overnight.

13.      The shipment at issue was tendered to defendant in good order and condition.

14.      Defendant failed to deliver the shipment at issue, thus in breach of the contract with plaintiff's insured.

15.      As a result of defendant's breach of the contract with plaintiff's insured has sustained actual damages in the amount of $110,011.66.

WHEREFORE, plaintiffs demands judgment against the defendants, and each of them, for damages, together with interest, costs of suit, and attorneys fees.

## COUNT TWO
## (CARMACK CLAIM)

16.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 15 as if fully set forth herein.

17.     Defendants are liable to plaintiffs for its full, actual damages as a motor carrier under the Carmack Amendment, which is codified at 49 U.S.C. § 14706.

18.     As a result of defendant's conduct and actions, defendants are liable for plaintiffs' actual damages in the amount of $110,011.66, together with interest thereon from the date that the shipment was delivered or scheduled to be delivered.

WHEREFORE, plaintiffs demands judgment against the defendants, and each of them, for damages, together with interest, costs of suit, and attorneys fees.

## COUNT THREE
## (NEGLIGENCE)

19.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 - 18 as if set forth at length herein.

20.     On or about the dates and times aforementioned, the defendant, GNC Logistics, Inc. did negligently entrust the goods to the defendant, QITAI Enterprises, Inc. and/or XYZ CORP., causing the tractor to be stolen, containing plaintiff's goods, for the account of the plaintiff.

21.     The defendants, and each of them, were negligent and careless in engaging or performing the services in an improper manner causing the goods to be stolen.

4

WHEREFORE, plaintiffs demands judgment against the defendants, and each of them, for damages, together with interest, costs of suit, and attorneys fees.

## COUNT FOUR
### (ATTORNEY'S FEES)

22.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 - 21 as if fully set forth herein.

23.    Defendants' failure to deliver the shipments at issue in good order and condition constitutes a violation of 49 U.S.C. § 14706.

24.    Defendants acknowledges liability for some claims at issue herein, but has failed to pay plaintiff in violation of 49 C.F.R. § 370.9.

25.    Defendants' failure to acknowledge some or all of plaintiffs' claims constitutes a violation of 49 C.F.R. § 370.5.

26.    Defendants' failure to decline or offer a written settlement compromise for some or all of plaintiffs' claims constitutes a violation of 49 C.F.R. § 370.9.

27.    Pursuant to the Interstate Commerce Act, defendants are "liable for damages sustained by a person as a result of an act or omission of that carrier . . . in violation of this part [Title 49, U.S.C., Subtitle IV, Part B]." 49 U.S.C. § 14704(a)(2).

28.    As a result of defendant's breach of the contracts of carriage under 49 U.S.C. § 14706 and defendants' violations of the federal claim regulations at 49 C.F.R. Pat 370, defendants are liable, under 49 U.S.C. § 14704(a)(2), for plaintiff's actual damages in the amount of $110,011.66, together with interest thereon from the date that each shipment was delivered or scheduled to be delivered.

29.    As a result of defendants' breach of the contracts of carriage, under 49 U.S.C.

§ 14706, and defendant's violations of the federal claim regulations at 49 C.F.R. Pat 370, plaintiff is entitled to an award of reasonable attorney's fees under 49 U.S.C. § 14704(e).

WHEREFORE, plaintiff demands judgment against defendants on Counts One, Two and Three of the complaint, in the total amount of $110,011.66, together with pre-judgment and post-judgment interest, an award of reasonable attorney's fees as authorized by statute, and costs of suit be taxed against defendants and for such other and further relief as this Court may deem just and proper in this matter.

## CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES

The undersigned counsel hereby certifies, in accordance with Local Civil Rule 11.2, that the matter in controversy is not the subject to any other action pending in any Court and is likewise not the subject of any pending arbitration proceeding or administrative  proceedings.

Dated:  September 18, 2017

_____
Gerard F. Smith, Esq.
PEZOLD SMITH HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 201
Denville, New Jersey  07834
(973) 586-6700
*Attorneys for Plaintiffs*